# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE FULLER, | ) |
|                        Petitioner, | )   Civil Action No. 09-1643 |
| v. | )   District Judge Donetta W. Ambrose |
| | )   Magistrate Judge Lisa Pupo Lenihan |
| BRIAN COLEMAN, Superintendent of S.C.I. Fayette; PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | ) |
|                        Respondents. | ) |

**Memorandum Opinion and Order**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, assailing the determinations of the Pennsylvania Board of Probation and Parole (the Board) in recommitting him as a technical parole violator and in denying him reparole and ordering him to serve the remainder of his sentence. The parties have agreed that the Petition be granted to the extent that the case will be remanded for a further hearing before the Board. The relevant undisputed facts are as follows.

Petitioner is serving a 6 to 20 year sentence for two counts of robbery imposed by the Court of Common Pleas of Philadelphia County on October 13, 1993. His minimum sentence expired on August 2, 1999 and his maximum sentence originally was scheduled to expire on August 2, 2013. Petitioner was paroled by the Board on August 2, 1999, June 30, 2003 and December 13, 2004. Due to his recommitment as a parole violator, his revised maximum date according to the DOC Sentence Status Summary is August 4, 2014.

1

On or about November 9, 2007, Petitioner was granted reparole. Subsequently, he was released to the Kinnock Community Corrections Center in Philadelphia, Pennsylvania. Sometime thereafter, a home plan was approved by parole officer Diona Lynch and Petitioner was released from custody on April 16, 2008 on Parole No. 492-AF. On April 22, 2008, Petitioner reported to the parole office and was advised by Agent Joe that no parole officer was assigned to him. He was advised to return on April 29, 2008. Petitioner returned to the parole office on April 29, 2008 and spoke with Agent Lynch who gave him written instructions to report every Tuesday. In the interim, it was discovered that Agent Hatchett was assigned as Petitioner's parole agent; however, Petitioner was not made aware of this. During the interview on April 29, 2008, Agent Lynch asked Petitioner if he had a job. At some point thereafter, Petitioner secured a job with Mateen's Home Remodeling Company.

The following Tuesday, May 6, 2008, Petitioner was supposed to report to the parole office. On that day, Petitioner was working from 10:00 a.m. until 6:45 p.m. That night, he called the parole office and talked to someone who told him they did not know what was going on and did not know who his parole agent was. On May 9, 2008, Petitioner was declared delinquent by the Board. On June 2, 2008, he was arrested by Philadelphia police and the Board lodged a warrant against him for parole violations on June 3, 2008.

On June 12, 2008, a preliminary hearing was held. On September 9, 2008, a parole violation hearing was held where Petitioner and Agent Lynch testified. At the hearing, Petitioner admitted he did not report on Tuesday, May 6, 2008 because of his job and stated that he called in but no one knew what was going on with his case. On September 15, 2008, the Board recommitted Petitioner as a technical parole violator (TPV) to serve six months backtime for failing to report as directed.

The presumptive range for a failure to report violation is three to six months backtime. Petitioner filed an administrative appeal from this decision to the Commonwealth Court of Pennsylvania. On March 10, 2009, the Commonwealth Court affirmed the Board's Recommitment decision stating there was substantial evidence, *i.e.*, Petitioner's admission, to support the technical violation.

On January 5, 2009, Petitioner was interviewed for reparole. On March 17, 2009, the Board rejected Petitioner's application for parole stating the following reasons.

> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR LEVEL OF RISK TO THE COMMUNITY.
>
> YOUR PRIOR UNSATISFACTORY PAROLE SUPERVISION HISTORY.
>
> YOUR FAILURE TO DEMONSTRATE MOTIVATION FOR SUCCESS.
>
> YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSES COMMITTED.
>
> YOUR FAILURE TO DEVELOP A PAROLE RELEASE PLAN.
>
> YOU ARE TO SERVE YOUR UNEXPIRED MAXIMUM SENTENCE, 08/04/2014.

ECF No. 10-1, p. 38.

On April 3, 2009, Petitioner filed a petition for review in the Commonwealth Court of Pennsylvania. On July 6, 2009, Respondents filed a motion to dismiss the petition for want of jurisdiction. On July 28, 2009, the Commonwealth Court granted the Board's motion finding that Petitioner's challenge to his parole denial was not subject to judicial review.

With respect to Petitioner's due process challenge to his parole revocation, he has no case. He received all the process that he was due. In short, the facts show that he did fail to report and he was punished accordingly with the maximum backtime allowable, six months. It is the reparole

3

denial that is troubling to this Court because the stated reasons, except one, seem arbitrary in light of the fact that he was granted parole previously along with the facts of this case. In addition, while the granting of parole is discretionary under Pennsylvania law, it seems arbitrary to make him serve 6 more years for failing to report where the maximum backtime the Board could impose was six months.

Following a conference held on December 8, 2010, both sides agree that the Petition should be granted to the extent that the case is remanded for a further hearing before the Parole Board using the appropriate standards. *See* Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003). While the Court may order immediate release in certain circumstances, the Board has neither intentionally evaded a court mandate nor acted in bad faith. Consequently, an appropriate order follows.

**AND NOW, THIS** 14th day of December, 2010, the Petition for a Writ of Habeas Corpus is **GRANTED** to the extent that the case is **REMANDED** for a further hearing before the Pennsylvania Board of Probation and Parole to be held within thirty (30) days under the appropriate standards set forth in the Pennsylvania Probation and Parole Act with the Board's written decision to follow within forty-five (45) days.

Donetta W. Ambrose
United States District Judge

cc: All counsel of record

4